```
               UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF LOUISIANA


ELIJAH AXSON                              CIVIL ACTION

VERSUS                                    NO: 15-3900

PARKER DRILLING OFFSHORE USA,             SECTION: "J"(1)
LLC, ET AL.
```

### ORDER AND REASONS

Before the Court is a *Motion to Consolidate and Transfer* **(Rec. Doc. 8)** filed by Defendant Bailey's Catering, LLC ("Bailey's Catering") and an opposition thereto (Rec. Doc. 11) filed by Plaintiff Elijah Axson ("Plaintiff"). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED**.

### FACTS AND PROCEDURAL BACKGROUND

This litigation derives from an injury suffered by Plaintiff Elijah Axson while employed by Defendant Bailey's Catering, LLC. (Rec. Doc. 1, at 1-2.) At the time of the accident, Axson was working aboard the PARKER DRILLING RIG 20B, which was owned and operated by Defendant Parker Drilling Offshore USA, LLC ("Parker Drilling"). *Id.* Plaintiff alleges that he slipped and fell, causing severe injuries. *Id.* Bailey's Catering filed suit against Plaintiff in the Eastern District of Louisiana on July 30, 2015, seeking a declaratory judgment on

1

its liability to Plaintiff (1) for negligence and (2) for maintenance and cure. (Rec. Doc. 8-4, at 1-3.) The action was given the case number 15-3079 and assigned to Judge Lance Africk and Magistrate Judge Michael North.

On August 28, 2015, Plaintiff filed the instant suit, alleging negligence on the part of Defendants Bailey's Catering and Parker Drilling. *Id.* at 2. Plaintiff also asserts that he is entitled to maintenance and cure from Bailey's Catering. *Id.* at 3. Plaintiff's action was assigned case number 15-3900. On September 9, 2015, Bailey's Catering filed the instant Motion to Consolidate and Transfer, asking this Court to consolidate Plaintiff's action with the declaratory judgment action pending before Judge Africk. (Rec. Doc. 8.) Plaintiff opposed the motion on September 29. (Rec. Doc. 11.)

## **PARTIES' ARGUMENTS**

Bailey's Catering argues that Plaintiff's suit should be transferred to Section I, Division 5, where it can be consolidated with its declaratory judgment action under Federal Rule of Civil Procedure 42. Bailey's Catering asserts that transfer is warranted because the two suits arise out of the same circumstances and raise the same issues. Because the declaratory judgment was filed first, Bailey's Catering asks this court to maintain that suit and transfer Plaintiff's suit to Judge Africk and Magistrate Judge North.

In his opposition, Plaintiff argues that Bailey's Catering's motion is premature. Plaintiff asserts that he filed a Motion to Dismiss the declaratory judgment action, which is currently pending before Judge Africk. He argues that this Court should not rule on the instant motion until his Motion to Dismiss is resolved. Further, he claims that this action should be given preference because both potentially liable parties, Bailey's Catering and Parker Drilling, are defendants in this action.

## **LEGAL STANDARD**

The Eastern District of Louisiana's Local Civil Rules provide for the transfer of an action when a collateral proceeding is pending in another section. LR 3.1.1. A proceeding is "collateral" when it "involves subject matter that comprises all or a material part of the subject matter or operative facts of another action." LR 3.1. All collateral proceedings must be transferred to the section with the lowest docket number "[t]o promote judicial economy, conserve judicial resources, and avoid potential forum shopping and conflicting court rulings," unless the two involved judges decide that a different procedure is in the interest of justice. LR 3.1.1.

## **DISCUSSION**

Plaintiff's action before this Court and Bailey's Catering's declaratory judgment action before Judge Africk

3

involve the same subject matter. The two cases arise from the same event: Plaintiff's accident while working for Bailey's Catering aboard a vessel owned by Parker Drilling. In both cases, the court must determine whether Bailey's Catering is liable to Plaintiff for its negligence and for maintenance and cure. Here, the declaratory judgment action was filed first and has the lowest docket number. Thus, this action should be transferred to Section I-5.

## RECOMMENDATION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's *Motion to Transfer and Consolidate* **(Rec. Doc. 8)** is **GRANTED**.

**IT IS FURTHER ORDERED** that the above captioned matter be **TRANSFERRED** to Section "I," Magistrate Judge Division 5, of this Court.

New Orleans, Louisiana this 30th day of September, 2015.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

9/30/15
TRANSFERRED TO
**SECT. I  MAG 5**